PROSKAUER ROSE LLP
Anthony S. Cacace
Nanci R. Kraus
Eleven Times Square
New York, New York 10036
P: (212) 969-3000
F: (212) 969-2900
acacace@proskauer.com
nkraus@proskauer.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | | |
|---|---|---|
| MASON TENDERS' DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, AND TRAINING FUND, and DOMINICK GIAMMONA, as FUNDS' CONTRIBUTIONS/ DEFICIENCY MANAGER, | : : : : : : | **COMPLAINT** |
| Plaintiffs, | : : | |
| - against - | : : | |
| K.D. HERCULES, INC. and KYRIACOS DIAKOU, | : : | |
| Defendants. | : | |

-------------------------------------------------------------------X

Plaintiffs, Mason Tenders' District Council of Greater New York and Long Island ("MTDC") Welfare Fund, Pension Fund, Annuity Fund, and Training Fund (collectively, the "Funds"), and Dominick Giammona, in his fiduciary capacity as Funds' Contributions/Deficiency Manager ("Giammona") (collectively, "Plaintiffs") by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover $541,325.34 in contributions, dues checkoffs and MTDC PAC contributions and imputed audit costs, plus liquidated damages, interest, and attorneys' fees, due and owing to the Funds.  This Complaint alleges that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, K.D. Hercules, Inc. ("K.D. Hercules") and Kyriacos Diakou (Diakou) (collectively, "Defendants") violated their collective bargaining agreements, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act, and ERISA.

2.      This Court has personal jurisdiction over the Defendants because Defendants reside and do business in the State of New York.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Funds who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

4.      Venue is proper in the Southern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Funds are administered in this District.

## PARTIES

5.      Plaintiffs, the Funds, are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. §§ 186(c)(5), (c)(6)).  The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3), and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1)), and the Funds are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).  The purpose of the Funds is to provide various fringe benefits to eligible employees, on whose behalf

employers contribute to the Funds, pursuant to collective bargaining agreements between employers in the building and construction industry and the MTDC.  The Funds, as the authorized agent, also collects and remits the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the New York State Health and Safety Fund ("NYS H&S"), the Environmental Contractors Association Industry Advancement Fund ("IAF"), and the dues checkoffs and MTDC Political Action Committee ("MTDC PAC") contributions due to the MTDC.  The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County, and State of New York.

6.     Plaintiff Dominick Giammona ("Giammona") is the Funds' Contributions/Deficiency Manager and is a fiduciary within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132).  Giammona brings this action in his fiduciary capacity.

7.     At all times material herein, Defendant K.D. Hercules has been a for-profit business corporation, incorporated in the State of New York, doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and Defendant K.D. Hercules has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act.

8.     Defendants K.D. Hercules and Diakou and the MTDC executed collective bargaining agreements (the "Agreements"), with respect to which the Funds are third-party beneficiaries.

9.     Defendants agreed to comply with and to be bound by all of the provisions of the Agreements.

10.     Defendant Diakou, the signatory of the Agreements on behalf of K.D. Hercules, expressly agreed to be personally bound by and assume all obligations of K.D. Hercules provided in the Agreements.

## THE AGREEMENTS AND TRUSTS

11.     Pursuant to the terms of the Agreements and the Trusts, Defendants are required, *inter alia*, to:

> (a)     pay monetary contributions to the Funds and to the authorized agent of the NYS-LECET, NYS H&S, and IAF (the "fringe benefit contributions"), at the rates and times set forth in the Agreements, for all work performed within the trade and geographic jurisdictions of the MTDC;

> (b)     submit contribution reports to the Funds;

> (c)     in the event that Defendants fail to pay fringe benefit contributions timely, Defendants are obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;

> (d)     deduct and remit dues checkoffs and MTDC PAC contributions (at the rates per hour specified by the MTDC), from the wages paid to employees who authorize said deductions in writing, for all work performed within the trade and geographic jurisdictions of the MTDC;

> (e)     permit and cooperate with the Funds or their designated representatives in the conduct of audits of all of Defendants' books and records including, without limitation, all payroll sheets, ledgers, general ledgers, cash disbursement ledgers, state tax forms, federal tax forms, New York employment records and reports, insurance company reports, supporting checks, vouchers, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company;

> (f)     pay the costs of the audits if Defendants are substantially delinquent in the payment of fringe benefit contributions to the Funds. "Substantially delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit;

(g)    in the event the Funds bring an action to recover the costs of the audits, defendants are obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

12.    Pursuant to the terms of the Agreements, the Trusts, and section 515 of ERISA, employers are required to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the Agreements.

13.    Failure to pay the required fringe benefit contributions, or failure to make such payment in a timely manner, constitutes a violation of the Agreements, the Trusts, and section 515 of ERISA.

14.    The Agreements, the Trusts, and section 502 of ERISA all provide that, upon a finding of an employer violation as that set forth in Paragraphs 11 and 12, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages (both of which are computed at the rate prescribed under 26 U.S.C. § 6621) on the unpaid, or untimely paid, fringe benefit contributions, together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

AS AND FOR A FIRST CLAIM FOR RELIEF
(CLAIM AGAINST ALL DEFENDANTS FOR FRINGE BENEFIT CONTRIBUTIONS)

15.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 14 of the Complaint, as if fully set forth herein.

16.    As a result of work performed by individual employees of Defendants, pursuant to the Agreements, fringe benefit contributions in the amount of $307,153.78, as determined by an audit of Defendants' books and records covering the period June 1, 2015 through August 26, 2018,

and $39,448.72, as determined by the Fund's shop steward reports covering the period August 27, 2018 through March 22, 2019, became due and owing from Defendants.  Accordingly, a total of $346,602.50 (the "Delinquent Fringe Benefit Contributions") became due and owning from Defendants for fringe benefit contributions for the period June 1, 2015 through March 22, 2019.

17.     Although payment of the Delinquent Fringe Benefit Contributions has been duly demanded, Defendants have paid no part of the Delinquent Fringe Benefit Contributions, which are contractually due.

18.     Defendants' failure to pay the Delinquent Fringe Benefit Contributions constitutes a violation of the Agreements, the Trusts, and section 515 of ERISA.

19.     Accordingly, pursuant to the Agreements, the Trusts, and section 502 of ERISA, Defendant K.D. Hercules is liable to the Funds for: (a) fringe benefit contributions in the amount of $346,602.50; and (b) the interest and liquidated damage on all of the unpaid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds.

20.     Defendant Diakou, the signatory of the Agreements on behalf of K.D. Hercules, expressly agreed to be personally bound by and assume all obligations of K.D. Hercules provided in the Agreements, and is therefore liable to the Funds for: (a) fringe benefit contributions in the amount of $346,602.50; and (b) the interest and liquidated damage on all of the unpaid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds

AS AND FOR A SECOND CLAIM FOR RELIEF
(CLAIM AGAINST ALL DEFENDANTS FOR DUES CHECKOFFS AND MTDC PAC
CONTRIBUTIONS)

21.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 20 of the Complaint, as if fully set forth herein.

22.     As a result of work performed pursuant to the Agreements by individual employees of Defendants who authorized deductions for dues checkoffs and MTDC PAC contributions in writing, dues checkoffs and MTDC PAC contributions in the amount of $99,531.11, as determined by an audit of Defendants' books and records covering the period June 1, 2015 through August 26, 2018 and $15,331.75, as determined by the Fund's shop steward reports covering the period August 27, 2018 through March 22, 2019, became due and owing from Defendants.  Accordingly, a total of $114,862.86 (the "Delinquent Dues and MTDC PAC Contributions") became due and owning from Defendants for dues checkoffs and MTDC PAC contributions for the period June 1, 2015 through March 22, 2019.

23.     Although remittance of the Delinquent Dues and MTDC PAC Contributions has been duly demanded, Defendants have remitted no part of the Delinquent Dues and MTDC PAC Contributions, which are contractually due.

24.     Defendants' failure to remit the Delinquent Dues and MTDC PAC Contributions constitutes a violation of the Agreements.

25.     Accordingly, pursuant to the Agreements and section 301 of the Taft-Hartley Act, Defendant K.D. Hercules is liable for:  (a) dues checkoffs and MTDC PAC contributions in the amount of $114,862.86; and (b) interest on all of the unremitted dues checkoffs and PAC contributions, together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

26.     Defendant Diakou, the signatory of the Agreements on behalf of K.D. Hercules, expressly agreed to be personally bound by and assume all obligations of K.D. Hercules provided in the Agreements, and is therefore liable to the Funds for: (a) dues checkoffs and MTDC PAC contributions in the amount of $114,862.86; and (b) interest on all of the unremitted dues checkoffs

and PAC contributions, together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM AGAINST ALL DEFENDANTS FOR AUDIT COSTS)

27.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28.    The audit of Defendants' books and records covering the period June 1, 2015 through August 26, 2018 revealed that Defendants were substantially delinquent, as defined in the Agreements and the Trusts (*see* Paragraph 10(f), *supra*), in the payment of fringe benefit contributions to the Funds for that period.

29.    By virtue of Defendants' substantial delinquency, there became due and owing from Defendants the amount of $79,859.98 for the imputed costs of the aforesaid audit.

30.    Defendants have paid no part of the costs of the aforesaid audit, which are contractually due, notwithstanding all audit costs have been demanded.

31.    Defendants' failure to pay the costs of the aforesaid audit constitutes a violation of the Agreements and the Trusts.

32.    Accordingly, pursuant to the Agreements and the Trusts, Defendant K.D. Hercules is liable for: (a) the imputed costs of the aforesaid audit in the amount of $79,859.98; and (b) the reasonable costs and attorneys' fees incurred by the Funds.

33.    Defendant Diakou, the signatory of the Agreements on behalf of K.D. Hercules, expressly agreed to be personally bound by and assume all obligations of K.D. Hercules provided in the Agreements, and is therefore liable to the Funds for: (a) the imputed costs of the aforesaid

audit in the amount of $79,859.98; and (b) the reasonable costs and attorneys' fees incurred by the

Funds.

WHEREFORE, Plaintiffs demand judgment against Defendants:

(a)     for payment of all past due fringe benefit contributions in the amount of $346,602.50;

(b)     for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(c)     for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(d)     for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

(e)     for remittance of dues checkoffs and MTDC PAC contributions in the amount of $114,862.86, with interest;

(f)     for payment of the imputed costs of the audit of Defendants' books and records covering the period June 1, 2015 through August 26, 2018, in the amount of $79,859.98, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreements and the Trusts;

(g)     for such other and further relief as the Court deems just and proper.

Dated:   March 6, 2020                                     **PROSKAUER ROSE LLP**
         New York, New York

                                                          By:   ___/s/ *Anthony S. Cacace*___

                                                                Anthony S. Cacace

                                                                Nanci R. Kraus
                                                                Eleven Times Square
                                                                New York, New York 10036
                                                                (212) 969-3000
                                                                (212) 969-2900
                                                                acacace@proskauer.com
                                                                nkraus@proskauer.com

                                                                *Counsel for Plaintiffs*